# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2021

Lyle W. Cayce
Clerk

No. 20-20450
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARMELO SOTO PEREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-65-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Carmelo Soto Perez challenges the substantive reasonableness of his 42-month sentence for illegal reentry after a felony conviction. That sentence constituted an upward variance from his applicable guidelines range of 18-24 months of imprisonment. We review his

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A non-guidelines sentence may be substantively unreasonable if "it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Contrary to Soto Perez's contention, the district court was free to consider his criminal history, including his older and unscored convictions for carrying a weapon and illegal reentry and his five prior deportations, when weighing the 18 U.S.C. § 3553(a) factors. *See United States v. Lopez-Velasquez,* 526 F.3d 804, 807 (5th Cir. 2008) (affirming upward variance based in part on defendant's unscored criminal history, including seven prior deportations); *Smith*, 440 F.3d at 709 (affirming upward variance based in part on criminal history that had not been accounted for in guidelines-range calculations). We likewise disagree that the extent of the instant variance renders his sentence substantively unreasonable. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 346-49 (5th Cir. 2006) (affirming 60-month sentence when district court upwardly departed from criminal history category of II to category VI and from guidelines range of 27-33 months based on defendant's criminal history, including multiple deportations).

Soto Perez also complains that the upward variance improperly negated his reduction for acceptance of responsibility, but he cites no legal authority to support his argument and does not explain how that fact is relevant to determining whether his sentence is substantively unreasonable. *See Smith*, 440 F.3d at 708. Soto Perez's contention amounts to no more than a meritless request for this court to reweigh the § 3553(a) factors. *See Gall*, 552 U.S. at 51; *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013). He fails to show an abuse of discretion. *See Gall*, 552 U.S. at 51. The judgment of the district court is AFFIRMED.